UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Tate, et al                                    Civil Action No. 6:16-cv-00644

Versus                                         Judge Rebecca F. Doherty

Great West Casualty Company, et al             Magistrate Judge Carol B. Whitehurst

**ORDER**

This matter came before the undersigned Magistrate Judge on a *sua sponte* jurisdictional review. This action was originally filed in the 27th Judicial District Court for the Parish of St. Landry, Louisiana. Plaintiffs, Gary P. and Mary Lynn Tate asserted personal injury claims arising out of a vehicular accident that occurred on May 2, 2015. Plaintiffs named as defendants John Westley Jones, Roadrunner Transportation Services Inc., Great West Casualty Company and Louisiana Farm Bureau Mutual Insurance Company.

According to Plaintiffs' allegations, at the time of the accident defendant Roadrunner, was the owner of the Tractor and Semi Trailer ("tractor-trailer") which Jones was driving in the course and scope of his employment with Roadrunner. *R. 1-1.* Plaintiff further alleged Roadrunner was insured by Great Western, wherein Great Western agreed to indemnify Roadrunner and its employees for any and all liability and/or damages caused by and/or arising out of the operations of any motor vehicles

owned and operated by Roadrunner. As to Farm Bureau, Plaintiff alleged that Farm Bureau provided coverage for uninsured/underinsured motorist ("UM") coverage and medical payments coverage. Plaintiff alleged "the insurance coverage available is inadequate to fully compensate [him] for his injuries." *R. 1-1, ¶ 7.*

Defendants, Jones, Roadrunner and Great West  removed this action on May 11, 2016 (the "Removing Defendants"), alleging that the federal court has subject-matter jurisdiction under 28 U.S.C. § 1332, which confers jurisdiction in civil actions when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. As the parties invoking subject-matter jurisdiction in federal court, the Removing Defendants have the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

After  review of the pleadings to determine whether the requirements for diversity jurisdiction were satisfied, the Court finds that the Removing Defendants have not established that the amount in controversy exceeds the jurisdictional threshold.  In a case like this one in which the plaintiffs do not seek recovery of a determinate amount in their complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253.  To satisfy that burden, the Removing Defendants must either (1) demonstrate that it is facially

apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id.*

The undersigned finds that the jurisdictional amount is not "facially apparent" from the allegations of Plaintiffs' petition because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.  Specifically, there is no indication as to the nature or extent of Gary Tate's injuries, the amount of medical expenses incurred to date, the type of treatment that he has undergone already, or the treatment he might require in the future.

While the Removing Defendants state in the Notice of Removal that Plaintiffs have "alleged in communications with counsel for defendants that he need to undergo spinal surgery as a result of the accident and that his damages are approximately $3,700,000.00," they have not provided any such communications nor any documentation in the Notice of Removal to carry their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

The Removing Defendants are to provide the Court with evidence to satisfy its burden of proving that the amount in controversy exceeds $75,000. The Removing Defendants will be allowed until October 31, 2016 to file a "joint motion for leave"

to file an amended notice of removal in order to address the lack of supporting evidence to determine the jurisdictional amount.

With regard to the citizenship of the parties, Plaintiffs fail to allege their domicile, but the Removing Defendants represent that Plaintiffs are domiciled in Louisiana. The Removing Defendants further state in the Notice of Removal that Jones is domiciled in Mississippi, Roadrunner is a Delaware Corporation with its principal place of business in Wisconsin, Great West is a Nebraska Corporation with its principal place of business in Nebraska, and Farm Bureau is a foreign insurer with its principal place of business in Louisiana. Therefore, diversity is not complete as to Plaintiffs and Farm Bureau.

In their removal notice, the Removing Defendants stated that Farm Bureau, Plaintiffs' UM carrier, would destroy diversity but should be ignored pursuant to the improper joinder doctrine, which is outlined in *Smallwood v. Illinois Central RR Co.*, 385 F.3d 568 (5th Cir. 2004). Plaintiffs have not filed a motion to remand nor challenged the improper joinder plea, but the Court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. *Gasch v. Hartford Acc & Indem. Co.,* 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiffs contest the assertion that Farm Bureau was improperly joined, they must file a motion to remand, supported by a memorandum, by November 7, 2016

-4-

and explain why there is a reasonable basis to predict that state law would allow Plaintiffs to recover against Farm Bureau. If Plaintiffs timely file a motion to remand, it will be noticed for briefing so that Defendants can respond and attempt to meet their burden on the improper joinder issue.

If Plaintiffs do not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiffs to concede the point, Farm Bureau will be dismissed.

Accordingly,

**IT IS ORDERED** that by **Monday, October 31, 2016**, the Removing Defendants, are to file a "joint motion for leave" to file an amended Notice of Removal in order to address the lack of supporting evidence to determine the jurisdictional amount in this case.

**IT IS FURTHER ORDERED** that by **Monday, November 7, 2016**, Plaintiffs may file a motion to remand, in the event they deem such filing appropriate.

Signed at Lafayette, Louisiana, this 18th day of October 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**